Jeanne BARTHOLD, Petitioner,

v.

Eric H. HOLDER, Jr., Attorney General, Respondent.

Nos. 05–73070, 06–74756.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 1, 2009.

Filed Sept. 24, 2009.

Kari Elisabeth Hong, Law Offices of Kari E. Hong, Redlands, CA, for Petitioner.

Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Ernesto Horacio Molina, Jr., Esquire, Senior Litigation Counsel, John A. Nolet, Colette Jabes Winston, Esquire, DOJ–U.S. Department of Justice, OIL, Anthony Cardozo Payne, Senior Litigation Counsel, Timothy Bo Stanton, Washington, DC, for Respondent.

Before: HAWKINS, McKEOWN and BYBEE, Circuit Judges.

## MEMORANDUM *

Petitioner Jeanne Barthold raises two appeals. First, she challenges an order of the Board of Immigration Appeals ("BIA") affirming the denial of her applications for asylum, withholding of removal, and relief

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

under the Convention Against Torture ("CAT") ("2005 Order"). Second, she challenges an order of the BIA denying her motion to reopen proceedings ("2006 Order"). We deny Barthold's petition for review of the 2005 Order, because the Immigration Judge's ("IJ's") determination that Barthold lacked credibility was supported by substantial evidence. We grant Barthold's petition for review of the 2006 Order, because the BIA abused its discretion in holding that Barthold failed to present evidence of materially changed country conditions.

## I

Barthold testified before the IJ that while in Haiti, she had been harassed, beaten, and raped due to her support of former Haitian President Jean–Bertrand Aristide. She further testified that after the attack, she went into hiding with her friend Nancy for almost five years in Port–au–Prince, until she was placed on a boat to the United States in July 1996. The IJ denied all of Barthold's claims in 2003, holding that her testimony was not credible. The BIA summarily affirmed the IJ's decision, and Barthold appealed to this court in May 2005.

While that appeal was pending, Barthold filed a motion to reopen proceedings with the BIA based on ineffective assistance of counsel and changed country conditions following a 2004 coup of Aristide. The BIA denied Barthold's motion in 2006, holding that her ineffective assistance of counsel claim was procedurally barred and that Barthold had not demonstrated a material change in country conditions. Barthold appealed, and the two appeals were consolidated.

## II

■ To be eligible for asylum, an alien must demonstrate either past persecution or a well-founded fear of future persecution on account of a protected ground. *See* 8 U.S.C. § 1101(a)(42)(A). An IJ may deny an alien's application for asylum based on lack of credibility, so long as the IJ provides "specific, cogent reasons that bear a legitimate nexus to the finding." *Zahedi v. INS,* 222 F.3d 1157, 1165 (9th Cir.2000). "We review adverse credibility determinations for substantial evidence and reverse only if the evidence compels a contrary conclusion." *Singh v. Gonzales,* 439 F.3d 1100, 1105 (9th Cir.2006).

The IJ found that Barthold lacked credibility because although she repeatedly testified that she had never been to the United States before July 1996, and claimed she was in hiding with her friend Nancy in Port–au–Prince from 1991 to 1996, the IJ found that Barthold had entered the United States in 1992 using a counterfeit passport. Barthold now concedes that she has been in the United States since 1992, and that she fabricated the part of her story about going into hiding. That part of the story, however, was crucial to Barthold's claim. It served to heighten the perception that her fear of persecution was genuine, and it enhanced the status of prior incidents in her story by showing their profound impact on her subsequent, day-to-day life in Haiti. It therefore cannot be dismissed as not going "to the heart of [her] asylum claim." *Marcos v. Gonzales,* 410 F.3d 1112, 1117 (9th Cir.2005). Because it is now undisputed that this portion of her story is untrue, the record simply does not compel a reversal of the adverse credibility finding.

## III

■ With regard to Barthold's motion to reopen, the BIA correctly held that Barthold's ineffective assistance of counsel claim was procedurally barred because she

failed to comply with two of the three requirements of *Matter of Lozada,* 19 I. & N. Dec. 637 (BIA 1988). Specifically, Barthold 1) failed to submit an affidavit with sufficient details regarding her agreement with prior counsel; and 2) failed to file a complaint against her prior counsel with the proper disciplinary authorities. *See id.* at 639. Moreover, Barthold's case is not the kind of "clear and obvious case of ineffective assistance" in which we have been flexible applying the *Lozada* rules. *Rodriguez–Lariz v. INS,* 282 F.3d 1218, 1227 (9th Cir.2002).

■ However, the BIA erred in holding that Barthold failed to provide evidence of a material change in conditions in Haiti because these conditions had continuously existed in Haiti for years. In 2003, the IJ found that circumstances in Haiti had improved such that, even accepting Barthold's original story, she no longer had a well-founded fear of future persecution. This finding was necessary to the disposition of the case even though the IJ had rejected Barthold's testimony regarding her alleged past persecution, because Barthold could demonstrate a well-founded fear of future persecution without demonstrating past persecution. *See Singh v. Ashcroft,* 362 F.3d 1164, 1170 (9th Cir. 2004). Barthold's evidence shows conditions following the 2004 coup that are materially different from the conditions the IJ found to exist in 2003. In other words, the IJ's findings as to improved conditions might now be outdated. Because the BIA failed to compare Barthold's recent evidence of worsened conditions to the evidence of improved conditions relied upon by the IJ, the BIA abused its discretion. On remand, the BIA should consider

whether Barthold now has a well-founded fear of future persecution.

PETITION GRANTED IN PART AND DENIED IN PART.